# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **CECILIA HERNANDEZ**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE SCHOOL BOARD OF COLLIER COUNTY, FLORIDA**, a political subdivision of the State of Florida,<br><br>Defendant. | **CIVIL ACTION**<br><br>Case No. 2:22-cv-737<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CECILIA HERNANDEZ** ("**HERNANDEZ**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2. The Plaintiff, **CECILIA HERNANDEZ** ("**HERNANDEZ**") is an individual and a resident of Florida who at all material times resided in Collier

1

County, Florida. **HERNANDEZ** performed work for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **HERNANDEZ** was an employee within the contemplation of the FMLA.

3. Defendant, **THE SCHOOL BOARD OF COLLIER COUNTY, FLORIDA** ("Defendant") is a political subdivision of the State of Florida, and employed **HERNANDEZ** in Collier County, Florida.

4. The Defendant employs in excess of 50 employees, and was **HERNANDEZ**'s employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **HERNANDEZ** began her employment with the Defendant in October 2000, and was employed as an office manager at one of the Defendant's elementary schools.

8. **HERNANDEZ** performed her assigned duties in a professional manner and was very well qualified for her position, receiving a performance evaluation in April 2022 where the Defendant appraised her as "exceeding expectations."

9. On or about May 3, 2022, **HERNANDEZ** required FMLA leave in order to care for her spouse who was suffering from severe pneumonia that required interventional surgery, which is a serious health condition under the FMLA.

10. **HERNANDEZ** took FMLA leave from May 3, 2022 to May 17, 2022, and returned to work on May 18, 2022.

11. The next day, the Defendant demanded **HERNANDEZ** be present for a meeting during which the Defendant sought to discipline **HERNANDEZ** for what were FMLA-protected absences and demanded medical certification as to why she was absent from work.

12. **HERNANDEZ** promptly complied and later that day submitted the formal FMLA application that the Defendant only then provided her with, despite the Defendant having been aware of her need and request for FMLA-leave weeks prior to this meeting. That same day, **HERNANDEZ** also provided the Defendant with a physician's certification confirming the FMLA-protected nature of her absences.

13. Nevertheless, the Defendant terminated her employment on May 25, 2022 due to what were her FMLA-protected absences.

14. The Defendant had not issued **HERNANDEZ** any warnings, discipline or critiques regarding his work performance prior to her requesting FMLA leave.

15. The Defendant interfered with **HERNANDEZ**'s FMLA rights and terminated her employment because he requested and took FMLA leave.

### COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

16. The Plaintiff hereby incorporates by reference Paragraphs 1-15 in this Count by reference as though fully set forth below.

17. **HERNANDEZ** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since her spouse began suffering from a serious health condition, **HERNANDEZ** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

18. **HERNANDEZ** informed the Defendant of her need for leave for her spouse's serious health condition.

19. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days,

absent extenuating circumstances, after it has enough information to make that determination.

20. If the Defendant were to have decided that **HERNANDEZ**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

21. The Defendant has never provided **HERNANDEZ** with any notice disqualifying her FMLA leave.

22. In fact, the Defendant should have determined that **HERNANDEZ** was eligible for leave under the FMLA and yet refused to allow her leave, thus terminating her employment because of her request for federally protected medical leave.

23. **HERNANDEZ** engaged in activity protected by the FMLA when she requested leave due to her spouse's serious health conditions, consistently informing the Defendant of the same.

24. The Defendant knew, or should have known, that **HERNANDEZ** was exercising her rights under the FMLA and was aware of **HERNANDEZ**'s need for FMLA-protected absence.

25. **HERNANDEZ** complied with all of the notice and due diligence requirements of the FMLA.

26. The Defendant was obligated, but failed, to allow **HERNANDEZ** to take FMLA leave and to return **HERNANDEZ**, an employee who requested

FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

27. A causal connection exists between **HERNANDEZ**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **HERNANDEZ** a benefit to which she was entitled under the FMLA.

28. As a result of the above-described violations of FMLA, **HERNANDEZ** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

29. The Plaintiff hereby incorporates by reference Paragraphs 1-15 in this Count by reference as though fully set forth below.

30. **HERNANDEZ** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since her spouse suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **HERNANDEZ** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

31. **HERNANDEZ** informed the Defendant of her need for leave due to her spouse's serious health conditions.

32. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination.

33. If the Defendant were to have decided that **HERNANDEZ**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

34. The Defendant has never provided **HERNANDEZ** with any notice disqualifying her FMLA leave.

35. In fact, the Defendant determined that **HERNANDEZ** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and required reinstatement.

36. **HERNANDEZ** engaged in activity protected by the **FMLA** when she requested leave due to her spouse's serious health conditions, consistently informing the Defendant of the same.

37. The Defendant knew that **HERNANDEZ** was exercising her rights under the FMLA.

38. **HERNANDEZ** complied with all of the notice and due diligence requirements of the FMLA.

39. A causal connection exists between **HERNANDEZ**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of her employment.

40. The Defendant retaliated by altering the terms and conditions of **HERNANDEZ**'s employment by terminating **HERNANDEZ**'s employment because she engaged in the statutorily protected activity of requesting and taking FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

41. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **HERNANDEZ**'s employment because she engaged in activity protected by the FMLA. As a result of the above-described

violations of FMLA, **HERNANDEZ** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CECILIA HERNANDEZ**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: November 21, 2022     **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com